**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

2013 NOV 22  P 1: 11

**Criminal No.**
**13-10305-JLT**

**UNITED STATES OF AMERICA**

**VS.**

**KEITH GAGE**

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION AND PROFFER OF SUGGESTED TERMS OF RELEASE

Now comes the defendant, Keith Gage, in the above numbered action and moves this Court to respectfully decline the government's motion for detention and to admit the defendant to bail upon stringent terms and conditions.

In support of this motion the defendant notes that he resides at 15 Millstone Lane, Middleboro, Massachusetts. He was born on January 9, 1971 and is single with no children. He resides with his sister, her husband and their two children.

He was educated at LaSalle Military Academy in Long Island, NY and at Norwich University. In 1990 he enlisted in the United States Marine Corps and was discharged honorably in 1994. He is a combat veteran from the Iraq War. He

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

was deployed as a corporal and received a meritorious unit citation, the Kuwaiti Award as well as the Saudi Commendation. He is a disabled veteran suffering from post traumatic stress disorder as well as significant injuries suffered as a result of oral smoke inhalation resulting in treatment through the Veteran's Administration Hospital.

Upon his honorable discharge from the Marines he worked in construction and had his own business for a number of years. He also recently has been employed by Security Construction Services as project manager and has been so employed since 2008.

The defendant is a life-long resident of the Plymouth County Massachusetts area with the exception of his military service. He has strong roots in the community as well as strong family support. His mother, Phyllis Gage, resides in Middleboro, Massachusetts. His father is deceased. He has two sisters and is very close to his family. He has virtually no criminal record with the exception of two matters that have been dismissed.

A review of the discovery that has been provided by the government shows that the defendant met a young woman who engaged in text as well as personal communication and contact resulting in the charges before this Court. The Court

is aware that this young woman engaged in similar conduct with at least two other known individuals with internet contact.

The defendant does not suggest that this is a defense to his actions constituting and forming the basis of the indictment but certainly is a matter that the Court may consider by way of mitigation.

### DEFENDANT'S PROFFER FOR TERMS AND CONDITIONS OF RELEASE

The defendant's sister, Heather West and her husband, Thomas West, are willing to proffer their home located at 15 Millstone Lane, Middleboro, Massachusetts. It is estimated that the property is worth in the vicinity of $400,000.00 with a $200,000.00 mortgage that is owed on a small line of credit.

The defendant would request that he be released to the care, custody and third party custodial relationship and obligations to this Court of his sister, Heather. His sister, Heather, is a responsible individual with no criminal record whatsoever.

Further, the defendant would request that this Court add as additional terms and conditions of release that the defendant be subject to home confinement through electronic monitoring by way of the Federal Pretrial Services.

To assist the Court in evaluating the appropriate nature of such release the defendant has undergone a significant evaluation by Dr. Carol Ball of New England Forensic Associates. Accordingly, Dr. Ball has noted that the defendant does not pose a danger to others and does not exhibit aggressive or inappropriate traits of a pedophiliac.

**ARGUMENT**

The defendant moves pursuant to Title 18 U.S.C. §3142 and 3145(b) for an order granting him pretrial release in the above captioned matter.

In support of this motion the defendant states that the government cannot sustain its burden of proving that no combination of conditions exist that would <u>reasonably</u> assure his appearance in court and the safety of the community. See <u>United States vs. Tortora,</u> 922 F2d 880, 884 (1st Cir. 1990) ("Requiring that release conditions guarantee (emphasis in original) the community's safety would fly in the teeth of Congress' clear intent that only a limited number of defendants be subject to pretrial detention" and holding further that "courts cannot demand more than an 'objectively reasonable assurance of community safety'"). See also <u>United States vs. Shea,</u> 749 F.Supp. 1162, 1167 (D.Mass. 1990) (Keeton, J.) (holding that a court cannot detain arrestees on the mere apprehension of danger of harm), <u>United States vs. Hanson,</u> 613 F.Supp.2d 85, 87 (D.D.C. 2009) (Friedman,

J.) (noting there exists a "strong presumption against detention" and that '"[i]n our society liberty is [supposed to be] the norm and detention prior to trial or without trial is the carefully limited exception'"), United States vs. Barnett, 986 F.Supp. 385, 391 (W.D. La 1997) (Congress intended detention for only a small but identifiable group of persons, noting that the Bail Reform Act "did not signal [] a Congressional intent to incarcerate wholesale the category of accused persons awaiting trial").

**Pertinent Legal Framework**

The backbone of our criminal justice system is the fundamental principle that in this country there is a "strong presumption against detention." United States vs. Hanson, 613 F.Supp.2d 85, 87 (D.D.C. 2009) (Friedman, J.). In fact, '"[i]n our society liberty is [supposed to be] the norm and detention prior to trial or without trial is the carefully limited exception.'" Hanson, 613 F.Supp2d at 87 quoting United States vs. Salerno, 481 U.S. 739, 755, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

The defendant requests that Congress's true intent in enacting the Bail Reform Act be the driving force behind a decision regarding the merits of Mr. Gage's Motion for Pretrial Release including the fact that "the structure of the bail statute mandates every form of release be considered before detention may be

imposed" and that "[t]hat structure cannot be altered by building a 'guarantee' requirement atop the legal criterion erected to evaluate release conditions in individual cases." Hanson, 108 Fed. Appx. At 332 (emphasis added) quoting United States vs. Orta, 760 F.2d 887, 892 (8th Cir. 1985).

The defendant submits that conditions do exist that could reasonably assure the safety of the community. Nevertheless, when the government moves for detention the Court must conduct an inquiry into the dangerousness of the individual. United States vs. Tortora, 992 F.2d 880, 884 (1st Cir. 1990).

The defendant submits that Keith Gage is not "dangerous." Consideration of the Congressional factors to be considered are;

1.)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.)   The weight of the evidence as to guilt or innocence;

3.)   The history and characteristics of the accused, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings, whether the defendant was on probation, parole or other release when he allegedly committed the subject offense;

4.) The nature and seriousness of the danger posed by the person's release. <u>Tortora,</u> 992 F.2d at 884; <u>Shea,</u> 749 F.Supp. at 1164; 18 U.S.C. §3142(g).

The factors that are pertinent to this prong of the statute are;

1.) The seriousness of the charged offense;

2.) The resemblance of the facts of the case to the congressional paradigm, including the defendant's foreign contacts, financial resources and the apparent financial resources of the defendant's organization, <u>Palmer-Contreras,</u> 835 F.2d at 18; <u>Dillon,</u> 938 F.2d at 1416-1417;

3.) The strength of the case against the defendant;

4.) The defendant's ties to the community, including United States citizenship. See <u>United States vs. Perez-Franco,</u> 839 F.2d 867 (1st Cir. 1988); <u>United States vs. Jose Luis Garcia,</u> 801 F.Supp. 258 (S.D. Iowa 1992);

5.) The defendant's family ties;

6.) The defendant's employment record;

7.) The defendant's prior criminal record. See generally, <u>Jessup,</u> 757 F.2d at 388.

The "Congressional Paradigm" underlying the enactment of the Bail Reform Act of 1984 looks to international contacts or suggestions that the defendant is a

leader (or a member) of an organization with international contacts and resources necessary to take flight. As indicated, it is highly unlikely that Mr. Gage, while residing with his sister, subject to electronic monitoring through Pretrial Services, with the posting of his sister's property is likely to take flight. The defendant has no significant resources and certainly has no contacts nor involvement with "organizations" that would assist him in taking flight.

The defendant suggests that United States vs. O'Brien, 895 F.2d 810 (1st Cir. 1990) and United States vs. Patriarca, 948 F.2d 789 (1st Cir. 1991) are cases that are instructive on the issues regarding pretrial release in this matter. In O'Brien, the First Circuit affirmed the district court's and magistrate judge's decision to release the defendant. O'Brien was a former DEA agent indicted for trafficking in cocaine. The Court noted that despite his "understanding of the inner workings of law enforcement, proximity to an international airport, the fact that he had international connections from having worked in France for five years and his present emotional and financial problems." O'Brien, 895 F.2d at 811.

Likewise, the First Circuit affirmed the district court's order allowing pretrial release of Raymond J. Patriarca despite its acknowledgement that "the Mafia had both the will and the way to facilitate flight" as well as evidence that Patriarca and his family "once assisted a fugitive by supplying him with $100,000.00 in cash." Patriarca, 948 F.2d at 793.

Finally, as the Court is most certainly aware, it is critical to an attorney's ability to provide effective assistance of counsel as well as the defendant's ability to meaningfully participate in the construction of his defense that Mr. Gage be permitted pretrial release. The Sixth Amendment "does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be "informed of the nature and cause of the accusation" and who must be 'confronted with the witnesses against him' and who must be accorded 'compulsory process for obtaining witnesses in his favor." Faretta vs. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975).

## Conclusion

Wherefore, the defendant respectfully requests that this Court determine that there is a combination of conditions that exist that will reasonably assure the defendant's presence as required and alleviate any concerns regarding danger to the community as well as risk of flight including but not limited to some or all of the conditions that have been proposed herein or any other condition this Court deems necessary and appropriate.

## Local Rule 7.1 Certification

The defendant has conferred with the United States in an attempt to narrow or resolve this issue.

Keith Gage,
By his attorney

/s/ Kevin J. Reddington, Esq.

**CERTIFICATE OF SERVICE**

I, Kevin J. Reddington, Esq., Attorney for the Defendant, Keith Gage, hereby certify that the following documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 20, 2013.

/s/ Kevin J. Reddington, Esq.

DEFENDANT'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION AND PROFFER OF SUGGESTED TERMS OF RELEASE

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186