UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal No.
13-10305-JLT

UNITED STATES OF AMERICA

VS.

KEITH GAGE

## DEFENDANT'S SENTENCING MEMORANDA

Now comes the defendant, Keith Gage, and does submit this sentencing memoranda.

## Procedural Background

As has been amply described by the Probation Department Pre-Sentence Report, Mr. Gage entered a guilty plea to a two count indictment charging him with one count of coercion and enticement of a minor in violation of Title 18 U.S. C. §2422(B) (date of offense between May, 2013 and August, 2013) as well as one count of attempted coercion and enticement of a minor in violation of Title 18 U.S.C. §2433(b) alleging the time from August 24, 2013 to September of 2013. There is also a forfeiture case.

The plea was entered on July 11, 2014. The plea was tendered to this Court pursuant to and in accordance with Rule 11(C)(1)(C) of the Federal Rules of Criminal Procedure pursuant to a plea agreement. The defendant faces a mandatory minimum sentence of 120 months to a maximum term of life pursuant to the statutes as well as a statutory term of 5 years supervised

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

release to life, all as presented in the Pre-Sentence Report. The parties have agreed to submit the following pursuant to the plea agreement;

- B.O.L.-(Base Offense Level) is 28.

- There is a 2 level increase under U.S.S.G. §2G1.3(B)(2)(B) (influencing a minor to engage in prohibited sexual contact.

- An additional 2 level increase pursuant to U.S.S.G. §2G1.3(b)(3)(A) as the offense involved the use of a computer.

- An additional 2 level increase because of the commission of a sex act.

As a result, the offense level is 34. This is reduced by 3 levels due to Gage's prompt and sincere acceptance of responsibility thereby leaving a total offense level calculation of 31.

The defendant agrees that his criminal history is non-existence and therefore a Level I. The guideline range is thus a low of 108 months to a high of 135.[1] Therefore, the "swing" range of sentencing is approximately 15 months from the mandatory minimum to the high end of the guideline in accordance with the plea agreement.

As a result of this conviction, Gage must serve a significant term of incarceration followed by a term of supervised release. In addition, he must register as a sex offender.

This Court must look to the "advisory" guidelines as a starting point in sentencing and ultimately consider the factors unique to each defendant and adjust the sentence accordingly,

---

[1] The statute requires imposition of a mandatory minimum sentence of 120 months.

paying deep attention to the goals of sentencing. <u>Gall vs. United States,</u> 552 U.S. 38 (2007). See also Title 18 §3553(A)(1).

As this Court is aware, the factors to be considered in sentencing pursuant to Title 18 §3553(A)(1) are;

**1.) <u>Nature and Circumstances of the Offense</u>**

The defendant agrees with the statement of facts presented to this Court at the time of the Rule 11 as well as the facts set forth in the detailed Pre-Sentence Report. The defendant admits his wrongdoing as he has from the inception of these charges. The defendant is also aware that he is one of three individuals who have been charged federally for their misdeeds with a young child of 14.

The defendant admits that there were many texts prior to and subsequent to their meetings and video tapings of the three sexual contacts. The defendant denies that he slapped the child because she told someone of their relationship and notes that the conduct was recorded and is on the video tape.

Recognizing that a child of 14 is unable to consent to any type of sexual conduct involving intercourse, it is important for the Court to understand that in an admittedly perverse way, this was a mutually sexually gratifying relationship albeit between a 42 year old man and a 14 year old.[2]

---

[2] As noted, the defendant was one of <u>three</u> individuals who were "involved" at the same time with the 14 year old. Further, she was aware at all times that she was being vide taped. Contrast victim impact letter submitted by father of the victim.

The government has reduced to writing over 3 pages of its sentencing memoranda of texts between the defendant and the 14 year old. The government has only placed the defendant's comments and has not included the responses from the "victim." Yet again, acknowledging and readily accepting responsibility for the criminal conduct, the defendant notes that these were two sided texts from two participants and clearly getting sexual arousal from the text conversation, not a 14 year old being abused by a salacious "dirty old man" who was physically threatening and intimidating. It must be underscored and the defendant points this out so the Court may place this clearly vile contact between the two in proper context.

### 2.) History and Characteristics of the Defendant

The Probation Department has done an intensive job of detailing Mr. Gage's personal and familial history as the Court has surely seen through the many letters and documents submitted on his behalf that he is a high school graduate with some college who enlisted in the Marine Corps and was a combat marine in Iraq. He was decorated and received a good conduct discharge at the rank of corporal.

Upon his return to the United States he received a degree from Blue Hills Technical College in Construction Management. He is a very hard working man who has successfully run his own business as well as being a valued member of his own employer in the construction industry. Numerous letters and certificates attest to this fact as noted in the Pre-Sentence Report.

The Probation Department in the Pre-Sentence Report also in great detail presents to this Court his personal life and his strong family support. The defendant suffers from combat related post traumatic stress disorder. He drank excessively to deal with this condition and a

4

combination of the two most likely contributed to his break up with his then fiancé, a physician, in January of 2013.

It was at that point that the defendant ended up living in the basement of his sister's home and unfortunately met the "victim" in this case.

### C.     Appropriate Term of Punishment

Keith Gage is a man who has been and will be incarcerated for a significant period of time. The question for this Court is what is a sentence no greater than necessary to accomplish the aims of sentence? The government asks for 15 years. This is a sentence that is in excess of a reasonable punishment for a man who admits his wrongdoing and has accepted his need for punishment without flinching or complaining. The Court must ask itself, however, is 15 years excessive for a man with little criminal history, strong mitigating factors arising out of his fragile emotional condition due to the combat he endured as a member of the Armed Forces? Clearly, he was at a low point in his life, a personal relationship with a woman he loved in ruins, living in his sister's basement, tenuously holding on to the only thing left, his job. And now here he is, a convicted sex offender who has to register as such, looking at least ten years in prison followed by supervised release.

His life is not over by far. This is a factor to be considered as well. He will be in his fifties when released. An educated, hard-working individual seeking to be a productive member of society. Squeezing every year out of him to get the top 180 month term contemplated in the 11(C) does not really acknowledge the person.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

The punishment should be and will be severe in many respects. The defendant submits that 180 months is excessive and recommends 156 months incarceration. In all other respects the defendant agrees with the government's additional terms and condition as recommended in their sentencing memoranda.[3]

/s/Kevin J. Reddington, Esq.

**CERTIFICATE OF SERVICE**

I, Kevin J. Reddington, Esq., Attorney for the Defendant, Keith Gage, hereby certify that the following documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 21, 2014.

DEFENDANT'S SENTENCING MEMORANDA

---

[3] The defendant acknowledges the fact that at all times the government was above-board and reasonable in its efforts to resolve this matter short of trial